PATTERSON v. HOHLFELD.

(Circuit Court of Appeals, Third Circuit.   December 28, 1914.)

No. 1892.

PATENTS ⬩328—INFRINGEMENT—SETTEE-HAMMOCK.

The Hohlfeld patent, No. 947.546, for a settee-hammock, is entitled to a narrow construction only in view of the prior art, and, as so construed, *held* not infringed.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit in equity by Herman L. Hohlfeld, individually and trading as the Hohlfeld Manufacturing Company, against James B. Patterson, individually and trading as the Patterson Manufacturing Company. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 216 Fed. 183.

A. B. Stoughton, of Philadelphia, Pa., for appellant.

Frederick A. Blount and Hector T. Fenton, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.   In this case Herman Hohlfeld, the plaintiff, charged James P. Patterson with infringing patent No. 947,546, granted said Hohlfeld January 25, 1910, for a settee-hammock. The court below, in an opinion reported at 216 Fed. 183, held the patent valid and infringed.   From a decree in accord with such findings Patterson appealed to this court. By reference to such opinion, wherein is a full description of the devices of both parties, we avoid needless repetition.   The claim here in controversy is the twenty-third, which reads as follows:

"A settee-hammock comprising a seat, a flexible end connected to each end of said seat, a flexible back connected to the rear of said seat, a spreader secured to the free edge of each of said flexible ends and to the free edge of said flexible back, means for detachably connecting the spreaders, and means connected to the end spreaders for suspending the hammock, and whereby said end spreaders are held detachably connected to said back spreader."

Briefly referring to some features of the prior art, we note that the hammock-couch made by Rowe, of Gloucester, Mass., many years before Hohlfeld's patent, was supported by flexible canvas ends and a flexible canvas back, all of which were fixedly connected respectively to the hammock seat.   Rowe's flexible ends had the top spread-

ers common 'to the hammock art, while the back had a stiff cross-pole pocketed in its top. This cross-pole was fastened to the canvas ends by cords. Hohlfeld adopted this general form of construction and improved it by attaching the spreader of the back and the spreaders of the ends to each other by a metallic slide joint such as is used in connecting the sides and ends of an iron bedstead. The view we take of this case renders it unnecessary for us to decide whether Hohlfeld's device involved invention; but, assuming such validity for present purposes, it is clear the field for inventive exercise was so restricted that Hohlfeld's claims are also narrow. Referring to the claim element of "flexible ends," we find their character and purpose pointed out in the specification. As seen by the drawing No. 1, the flexible end *30* is provided at its upper end with a cross-pocket *31* by means of which the pocketed spreader *33* is enabled, through cords laced around it and through eyelets in the enveloping, pocketing, flexible canvas end, to transmit the load to a single central cord.

No. 1.

No. 2.

So, also, as will be seen by drawing No. 2, the flexible end *30* is provided at its lower end with a cross-pocket *32* by means of which the pocketed spreader *34* is enabled, through cleats, *35*, to carry the seat. The construction and function of these parts are thus set forth in the patent:

"The pieces of fabric forming the ends of the settee are substantially rectangular in shape and the spreaders in the edges of the ends are at right angles to the warp of the fabric, so that the pull upon the spreaders when the settee is suspended will be in a direction perpendicular to the warp to give the maximum strength and to avoid displacement of the fabric on the spreaders which would be apt to occur were the pull on the fabric oblique to the stretchers."

"Each fabric end *30* of the settee is provided at each end edge with pockets *31* and *32* respectively containing spreaders *33* and *34* respectively. The inner or lower edges of these fabric ends are secured upon the under side of the ends of the seat respectively by means of cleats *35* passing around the spreaders *34* and through the pockets, the cleats being fastened by screws *36* or other suitable means."

In the defendant's device we find a different end construction. Instead of carrying his seat on two flexible canvas ends, the defendant

swings the seat by four metal corner rods *10*, which swing from two end crosspieces *1* as shown in No. 3. Such method of swinging, corner-rod suspension was well known in cellar and spring-house swing-board equipment. To call such corner-placed, metallic supports flexible ends merely because they permit swinging is to lose sight of the functional use of the flexibility of canvas pointed out in the specification, which is to form pockets for carrying spreaders. The rods of Patterson's hammock have no such function. It is clear, therefore that the hammocks of these parties are of different types in their mode of suspension, and infringement cannot be sustained on the use by Patterson of these corner supports. The two hammocks then having no infringing equivalency in their end supports, does Patterson infringe by providing such noninfringing hammock with the detachable end curtains shown in No. 3, which neither carry the seat nor pocket either upper or lower spreader? Manifestly not. It is also equally clear that the use of

No. 3.

a back curtain, which can be attached either to the front or back of the seat, is not the "flexible back connected to the rear of said seat" of Hohlfeld's combination claim. While the spreader of Patterson's detachable back is, when put in place, rigidly locked to the ends of the top-end-crossbars, and to the seat frame of the hammock, and thus forms a rigid back, yet it must not be overlooked that even when so attached the attachment is not to a spreader pocketed in the free edge of a flexible end, and that the detachable back curtain and the end curtains of Patterson's device have no functional connection or physical relation to each other. They are mere nonfunctional, aggregation additions, the presence or absence of which in no way affects the carrying of the hammock seat.

The decree below must therefore be reversed, and the cause remanded, with directions to enter a decree dismissing the bill for noninfringement.